I must respectfully dissent from the majority's willingness to turn a blind eye at BCDJFS's refusal to follow the mandates of R.C. 2151.413(E).
R.C. 2151.413(E) requires any agency that files a motion for permanent custody to include the agency's specific plan to seek an adoptive plan for the child. The plain language of this section does not require an agency to file an adoption plan at the time it files for permanent custody. See In re Cavender (Mar. 19, 2001), Madison App. No. CA2000-06-037, unreported, (Valen, J., concurring), at 20. The majority in the Cavender decision concluded that it is not necessary for an agency to file an adoption plan before permanent custody is granted, and the majority in this case follows Cavender's precedent. I wrote a separate concurring opinion in Cavender, stating:
 I must * * * take issue with [the majority's] reasoning that requiring the agency to file an adoption plan before permanent custody is granted would undermine the agency's attempts to reunify the family. Once a motion for permanent custody is filed, the agency is no longer attempting such reunification. Requiring the agency to file an adoption plan at that time would have no impact upon that goal, but such a requirement would further the child's best interest in the event the court grants permanent custody.
 Nonetheless, I agree with the trial court that granting a motion to dismiss when an agency has not filed an adoption plan would place form over the child's best interest. Therefore, I concur * * *.
 Id. at 20-21.
In the case sub judice, there is no evidence in the record that an adoption plan was ever filed with the trial court. It is my opinion that an agency must file an adoption plan before the trial court awards permanent custody of the child to the agency. Although under the analogous facts of Cavender, I concurred with the majority's conclusion, after further consideration of the issue, I must now dissent. To hold otherwise would defeat the purpose of the statute, which is to assure that the trial court's granting of permanent custody to an agency is in the best interest of the child. The majority's opinion makes a nullity of R.C. 2151.413(E).
Since there is nothing in the record of this case to indicate that BCDJFS ever filed an adoption plan for Keri and Anthony, I would remand this case so that BCDJFS could comply with the requirements of R.C.2151.413(E).
I do, however, concur with the majority's resolution of the second assignment of error.